UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RALPH WAYNE ANGLE, | ) | CASE NO. 4:15 CV 2182 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On October 21, 2015, Petitioner *pro se* Ralph Wayne Angle filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Angle challenges the sentence imposed on him in the United States District Court for the Northern District of Indiana - for Attempted Receipt of Child Pornography, Possession of Child Pornography, and Attempted Solicitation of a Minor - on the ground that the sentence exceeded the statutory maximum. For the reasons stated below, the Petition is denied and this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention.

28 U.S.C. § 2255.

The terms "inadequate" or "ineffective" do not mean that habeas corpus relief is available whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief such as the Antiterrorism and Effective Death Penalty Act of 1996,  *Triestman v. United States*, 124 F.3d 361, 376 (2d Cir. 1997), or denial of a previously filed Section 2255 motion.  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).  Rather, habeas corpus remains available when the failure to allow some form of collateral review would raise serious questions as to Section 2255's constitutionality.  *Triestman*, 124 F.3d at 377.  The petitioner bears the burden of proving that the Section 2255 remedy is inadequate or ineffective. *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983);  *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Angle seeks to raise issues that could and must be raised in a Section 2255 motion.  The Petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 2243.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  s/ Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  UNITED STATES DISTRICT JUDGE

DATED: November 6, 2015